IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JANET SMITH                                                                                    PLAINTIFF

V.                              CASE NO. 3:15-cv-00233-JTK

CAROLYN W. COLVIN, *Acting Commissioner,*                          DEFENDANT
Social Security Administration

## MEMORANDUM AND ORDER

Plaintiff Janet Smith filed this appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claims for disability insurance benefits ("DIB") and supplemental insurance income ("SSI"). After reviewing the administrative record and the arguments of the parties, the Court finds that substantial evidence does not support the Commissioner's decision.

**I.      PROCEDURAL HISTORY**

Ms. Smith protectively filed her applications for DIB and SSI on July 19, 2012. (R. at 13.) She alleged a disability onset date of April 5, 2012. (R. at 13.) She alleged complications from being bipolar, panic disorders, and post-traumatic disorder. (R. at 192.) The Social Security Administration denied Ms. Smith's claims at the initial and reconsideration levels. (R. at 13.) On November 18, 2013, an Administrative Law Judge ("ALJ") held a hearing on this matter. (R. at 27.) On May 9, 2014, the ALJ issued an unfavorable decision, denying Ms. Smith's claims. (R. at 10.) On July 30, 2015, the Appeals Council denied Ms. Smith's request for review. (R. at 1.)

On August 12, 2015, Ms. Smith filed a complaint against the Commissioner, appealing the ALJ's denial of DIB and SSI. (Compl. 1, ECF No. 2.) On August 17, 2015, the district judge reassigned the case to the Court based on the parties' consent. (Consent 1, ECF No. 4.) Both

parties have submitted briefs for the Court to consider. (Pl.'s Br., ECF No. 11; Def.'s Br., ECF No. 15.)

## II.     ADMINISTRATIVE PROCEEDINGS

Ms. Smith was forty-eight years old on the date of the administrative hearing and had completed the tenth grade. (R. at 31.) She had past relevant work as a certified nurse's aide and a cook in a nursing home. (R. at 44.) The ALJ applied the five-step sequential evaluation process to Ms. Smith's claims.[2] (R. at 14.) The ALJ found that Ms. Smith satisfied the first step because she had not engaged in substantial gainful activity. (R. at 15.) At step two, the ALJ found that Ms. Smith suffered from the severe medical impairments of a depressive disorder not otherwise specified, obesity, posttraumatic stress disorder ("PTSD"), panic disorder without agoraphobia, borderline intellectual functioning, and bipolar disorder. (R. at 15.) At step three, the ALJ found that Ms. Smith did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 15-16.) Before proceeding to step four, the ALJ found that Ms. Smith had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following non-exertional limitations:

> [t]he claimant must avoid contact with the general public and cannot be exposed to hazards and climbing of ladders, ropes, and scaffolds in the workplace. Further, the claimant would be able to perform work where interpersonal contact would be incidental to the work performed, the complexity of 1-2 tasks would be learned by rote with few variables and little judgment, and supervision required would be

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work.  Through step four of this analysis, the claimant has the burden of showing that he is disabled.  Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform.  *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

>     simple, direct, and concrete. The work must be limited to SVP 1 or 2 jobs [] that
>     can be learned within 30 days.

(R. at 16.) In making the RFC determination, the ALJ found that Ms. Smith was not credible regarding the persistence and limiting effects of her impairments' symptoms. (R. at 17.) At step four, the ALJ found that Ms. Smith was unable to perform her past relevant work. (R. at 20.) At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Ms. Smith could perform, such as a hand packager and a conveyor. (R. at 21.) Therefore, the ALJ found that Ms. Smith was not disabled.[1] (R. at 22.)

### III.   STANDARD OF REVIEW

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the

record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## IV.   DISCUSSION

Ms. Smith argues that the Commissioner's decision is not supported by substantial evidence. (Pl.'s Br. 9, ECF No. 11.) Specifically, she alleges that the Commissioner (1) erred in holding that she did not meet listing 12.05C, (2) failed to fully develop the record by not contacting her treating physician for an opinion regarding her work-related limitations, and (3) erred in finding that Ms. Smith can do a full range of work at all exertional levels when he found that obesity was a severe impairment. (*Id.* at 10-15.) The Commissioner argues that substantial evidence supports the ALJ's decision. (Def.'s Br. 3, ECF No. 15.) Because the Court reverses the Commissioner's decision at step three, it does not reach Ms. Smith's remaining arguments.

Ms. Smith argues that substantial evidence does not support the ALJ's decision at step three. (Pl.'s Br. 11, ECF No. 11.) She claims that she has a valid full scale IQ of 70 and verbal comprehension index of 66 (Pl.'s Br. 11, ECF No. 11), multiple additional significant impairments that the ALJ found at step two (*id.* at 12), and borderline intellectual functioning that manifested before the age of twenty-two (*id.* at 11).

"To meet a listing, an impairment must meet all of the listing's specified criteria." *Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (citing *Sullivan v. Zebley*, 493 U.S. 520 (1990)). To meet listing 12.05(C), Ms. Smith would have to prove that she has: (1) "a valid verbal, performance, or full scale IQ of 60[-]70; (2) an additional 'severe' impairment; and (3) evidence supporting the onset of intellectual and adaptive functioning disability before age twenty-two." *Lott v. Colvin*, 772 F.3d 546, 550 (8th Cir. 2014).

The ALJ found that Ms. Smith did not meet listing 12.05(C). (R. at 16.) In making this determination, he determined that the "medical evidence shows that no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." (R. at 16.) He further found that she "does not have a valid verbal, performance, or full scale IQ of 60 through 70 or other mental impairment imposing an additional and significant work-related limitation of function." (R. at 19.)

Substantial evidence does not support the ALJ's finding that Ms. Smith does not have a valid verbal, performance, or full scale IQ of sixty through seventy. On September 10, 2012, Dennis Vowell, II, Psy.D, PA, administered the WAIS-IV test on Ms. Smith. Dr. Vowell found that she had a full scale IQ of seventy, verbal comprehension index ("VCI") of sixty-six, and a perceptual reasoning index ("PRI") of seventy-three.[2] (R. at 288.) Therefore, unless this IQ score is not valid, both the full scale IQ and VCI scores meet the first requirement of listing 12.05(C). If, upon remand, the Commissioner determines that Ms. Smith's IQ scores are not valid, it must give some explanation to discount them.

Substantial evidence also does not support the ALJ's finding that Ms. Smith does not have an additional severe impairment. The United States Court of Appeals for the Eighth Circuit has held that if a claimant cannot perform her past work, she "'experiences a significant limitation of function' and meets the second prong of § 12.05(C)." *Sird v. Chater*, 105 F.3d 401, 403 (8th Cir. 1997) (quoting *Branham v. Heckler*, 775 F.3d 1271, 1273 (4th Cir. 1985)). Since the ALJ found at step four that Ms. Smith is unable to perform her past relevant work, substantial

---

[2] "The terms VCI and PRI should be substituted for the terms VIQ and PIQ in clinical decision-making and other situations where VIQ and BIQ were previously used." WAIS-IV Administration and Scoring Manual, at 5; *see also Lenderman v. Colvin*, No. 3:14-cv-00245-JTK, 2015 WL 4988278, at *2 n.2 (E.D. Ark. July 29, 2015).

evidence does not support the ALJ's finding that she does not meet the second requirement of listing 12.05(C).

The ALJ did not make a finding on whether there is "evidence supporting the onset of intellectual and adaptive functioning disability before age twenty-two." Ms. Smith argues that Dr. Vowell's diagnosis that Ms. Smith has a borderline intellectual functioning is sufficient for the intensity to meet this prong of the listing if it manifested itself before the age of twenty-two. (Pl.'s Br. 11, ECF No. 11.) The Commissioner responds that the ALJ found that Ms. Smith's intellectual functioning is too great to meet a listing. (Def.'s Br. 5, ECF No. 15.)

In this case, the Court believes the best course of action is to remand the case so that the ALJ may determine whether Ms. Smith meets listing 12.05(C). There is evidence of an intellectual disability (R. at 289) that manifested itself before the age of twenty-two (R. at 31 (testifying that Ms. Smith dropped out of school in the tenth grade and attempted to obtain her G.E.D. but failed)). And while the ALJ found that Ms. Smith was not functioning "within or near the mentally retarded range," it is not a requirement to be diagnosed with mental retardation to meet the listing. (R. at 7); *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006). The determination of whether the intensity of Ms. Smith's intellectual disability is great enough to meet the listing involves weighing all the medical evidence, which is best left to the Commissioner on first impression. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004) (citing *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987)) ("Weighing the evidence is a function of the ALJ, the fact-finder.").

On remand, the Commissioner should review the remainder of Ms. Smith's arguments de novo in issuing a new final decision.

## V.     CONCLUSION

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the Commissioner because there is evidence in the record that contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the Commissioner. *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes that remand is necessary for further consideration consistent with this decision.

SO ORDERED this 19th day of February, 2017.

_____
UNITED STATES MAGISTRATE JUDGE